
APR 26 2018

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:09CR77–HEH
)
DOUGLAS McARTHUR MILLS, )
)
Petitioner. )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Petitioner, a federal inmate proceeding *pro se*, submitted this motion under 28

U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF

No. 39).[1] The Government has moved to dismiss, asserting that Petitioner's § 2255

Motion is barred by the statute of limitations. (ECF No. 49.) For the reasons set forth

below, Petitioner's § 2255 Motion will be denied as barred by the statute of limitations.

## I. PROCEDURAL HISTORY

Petitioner pled guilty to distribution of 50 grams or more of cocaine base. (*See*

ECF No. 13, at 1.) After determining that Petitioner was a career offender, (ECF No. 18,

at 1), the Court sentenced Petitioner to 327 months of imprisonment. (ECF No. 21, at 2.)

The Court entered judgment reflecting this sentence on September 3, 2009. (*Id.* at 1.)

Petitioner did not appeal.

---

[1] The Court employs the pagination assigned to Mills's submissions by the CM/ECF docketing
system.

On April 15, 2016, Petitioner mailed his § 2255 Motion to the Court. (§ 2255

Mot. 9.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*,

487 U.S. 266, 276 (1988). In his § 2255 Motion, Petitioner contends that he is entitled to

relief upon the following grounds:

Claims 1 and 2   Petitioner was improperly sentenced as a career offender.
                 (§ 2255 Mot. 3–4.)
Claim 3          Petitioner was denied the effective assistance of counsel because:
                 (a)   counsel failed to challenge Petitioner's illegal sentence; and,
                 (b)   counsel failed to file pretrial motions. (*Id.* at 5.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA")

amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a

§ 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

(f)   A 1-year period of limitation shall apply to a motion under this
      section. The limitation period shall run from the latest of—
      (1)   the date on which the judgment of conviction becomes
            final;
      (2)   the date on which the impediment to making a motion
            created by governmental action in violation of the
            Constitution or laws of the United States is removed, if
            the movant was prevented from making a motion by
            such governmental action;
      (3)   the date on which the right asserted was initially
            recognized by the Supreme Court, if that right has
            been newly recognized by the Supreme Court and
            made retroactively applicable to cases on collateral
            review; or
      (4)   the date on which the facts supporting the claim or
            claims presented could have been discovered through
            the exercise of due diligence.

28 U.S.C. § 2255(f).

## A.    28 U.S.C. § 2255(f)(1)

Because Petitioner did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Wednesday, September 17, 2009, upon the expiration of the fourteen-day period for filing a direct appeal. *United States v. Diallo*, 581 F. App'x 226, 227 (4th Cir. 2014) (citations omitted). Hence, Petitioner had until Friday, September 17, 2010 to file any motion under 28 U.S.C. § 2255. Because Petitioner did not file his § 2255 Motion until April 15, 2016, the § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1). Unless Petitioner demonstrates a viable basis for a belated commencement of the limitation period or any equitable reason for not enforcing the limitation period, the action is barred by the statute of limitations.

Petitioner contends that he is entitled to a belated commencement of limitation under 28 U.S.C. § 2255(f)(3). (§ 2255 Mot. 8.) Petitioner argues that in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) he is entitled to a belated commencement of the limitation period to challenge his career offender designation under United States Sentencing Guidelines § 4B1.2 (*Id.*) The United States Court of Appeals for the Fourth Circuit has rejected this contention. *United States v. Brown*, 868 F.3d 297, 302–03 (4th Cir. 2017) (refusing to extend *Johnson* to invalidate a career offender sentence under the mandatory guidelines and finding such a challenge untimely). Accordingly, Petitioner is not entitled to a belated commencement of the limitation period under § 2255(f)(3).

## III. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion (ECF No. 39) will be denied. The Government's Motion to Dismiss (ECF No. 49) will be granted. The action will be dismissed. The Court will deny a certificate of appealability.

An appropriate Order shall issue.

                                                    _____ /s/ _____

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 26, 2018
Richmond, Virginia

4